IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

THE LIBERTARIAN PARTY OF
KANSAS,

                Plaintiff,

v.                                           Case No.      06-4092-SAC

THE BOARD OF COUNTY
COMMISSIONERS OF THE
COUNTY OF SHAWNEE,
KANSAS, et al.,

                Defendants.

_____

## ORDER

      This matter comes before the court upon plaintiff, The Libertarian Party of Kansas's Motion for Leave to File Amended Complaint and Add Party Plaintiff (Doc. 15).  No responses were filed in opposition to plaintiff's motion and the time for doing so has expired.

      D. Kan. Rule 7.4 provides in relevant part: "The failure to file a brief or response within the time specified within Rule 6.1[(d)][1] shall constitute a waiver of the right thereafter to file such a brief or response . . . . If a respondent fails to file a response within the time required . . . , the motion will be considered and decided as an uncontested motion, and ordinarily will be granted without further notice."  Because no response has been filed in opposition to plaintiffs' motion, the court finds that it should treated as uncontested.

      The procedure for amending pleadings is controlled by Fed. R. Civ. P. 15, which states in

_____

[1]Rule 6.1(d)(1) provides that "[r]esponses to nondispositive motions . . . shall be filed and served within 14 days."

pertinent part that

> "[a] party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served...Otherwise, a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires."[2]

Plaintiff seeks to amend his complaint after the permissive period, and defendant has failed to file any response in opposition to plaintiff's motion.  Thus, consent is not an issue.  It therefore falls to the court to determine if leave to amend should be granted under the circumstances presented.

The decision to grant leave to amend after the permissive period lies within the discretion of the trial court.[3]  Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith, or futility of amendment.[4]  Additionally, Fed. R. Civ. P. 20(a) provides that "All persons may join in one action as plaintiffs if they assert any right to relief jointly, severally, or in the alternative in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all these persons will arise in the action." Finally, untimeliness may be sufficient cause to deny leave to amend, especially when the movant offers no adequate explanation for the delay.

In this case, plaintiff's motion to amend is timely, as it was filed on March 15, 2007 – the deadline for doing so pursuant to the Scheduling Order (Doc. 11).  The court further finds that

---

[2]Fed. R. Civ. P. 15(a).

[3] *Stewart v. Brd. of Comm'rs for Shawnee County, Kan.*, 216 F.R.D. 662, 664 (D. Kan. 2003).

[4] *Id.*

amendment appears proper, as the joinder of the additional plaintiffs appears proper under Fed. R. Civ. P. 20(a).  Finally, the court fails to find any undue delay, undue prejudice to the opposing party, bad faith, or futility of amendment.  Under these circumstances, the court finds amendment to be proper.  Accordingly,

**IT IS THEREFORE ORDERED** that plaintiff's uncontested Motion to Leave to File Amended Complaint and Add Party Plaintiff (Doc. 15) is hereby granted.  The Clerk's Office is directed to file Plaintiff's Second Amended Complaint, attached as Exhibit A to Doc. 15, as a separate document in this case.

**IT IS SO ORDERED.**

Dated this 4th day of April, 2007, at Topeka, Kansas.

s/ K. Gary Sebelius
K. Gary Sebelius
U.S. Magistrate Judge

-3-