IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


THE LIBERTARIAN PARTY OF KANSAS,
and ROB HODGKINSON,

        Plaintiffs,

    vs.                        Case No. 06-4092-SAC

SHAWNEE COUNTY, KANSAS, and
DON BURNS, individually and in his
official capacity as undersheriff of
Shawnee County, Kansas, and
THE BOARD OF COUNTY COMMISSIONERS
OF THE COUNTY OF SHAWNEE, KANSAS,

        Defendants.


MEMORANDUM AND ORDER

      This  42 U.S.C. §1983 case comes before the court on

defendants' motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6),or in the

alternative for judgment on the pleadings.[1]

**Standards for dismissal**

_____

     [1]Although plaintiff filed a Second Amended Complaint after the
motion to dismiss was filed, it merely added a party plaintiff.  Defendant
agrees that this amendment of the complaint otherwise has no impact upon
the motion to dismiss.  _See_ Dk. 25, p. 5. Accordingly, the court shall
consider the motion to dismiss in light of the allegations of the Second
Amended Complaint.

A court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).  Dismissal is appropriate "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).  "The purpose of Rule 12(b)(6) is to allow a defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief even if everything alleged in the complaint is true."  *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir.1993); *see Hospice of Metro Denver v. Group Health Ins.*, 944 F.2d 752, 753 (10th Cir.1991) ("Dismissal of a case pursuant to Fed. R. Civ. P. 12(b)(6) requires the legal determination that the plaintiff can prove no set of facts in support of his claim to entitle him to relief.") (citations omitted); *Thatcher Enterprises v. Cache County Corp.*, 902 F.2d 1472 (10th Cir.1990) ("Under Rule 12(b)(6), dismissal is inappropriate unless plaintiff can prove no set of facts in support of his claim to entitle him to relief.").  The Tenth Circuit has observed that the federal rules " 'erect a powerful presumption against rejecting pleadings for failure to state a claim.' "  *Maez v. Mountain States Tel. and Tel., Inc.*, 54 F.3d 1488, 1496 (10th Cir.1995) (quoting *Morgan v. City of Rawlins*, 792 F.2d 975, 978

2

(10th Cir. 1986)).

A court judges the sufficiency of the complaint accepting as true the well-pleaded factual allegations and drawing all reasonable inferences in favor of the plaintiff. *Shaw v. Valdez*, 819 F.2d 965, 968 (10th Cir.1987). It is not the court's function "to weigh potential evidence that the parties might present at trial." *Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir.1991). The court construes the allegations in the light most favorable to the plaintiff. *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir.1991). These deferential rules, however, do not allow the court to assume that a plaintiff "can prove facts that it has not alleged or that the defendants have violated the ... laws in ways that have not been alleged." *Associated General Contractors v. California State Council of Carpenters*, 459 U.S. 519, 526 (1983) (footnote omitted).  Dismissal is a harsh remedy to be used cautiously so as to promote the liberal rules of pleading while protecting the interests of justice.  *Cayman Exploration Corp. v. United Gas Pipe Line*, 873 F.2d 1357, 1359 (10th Cir. 1989).

**Facts**

The Libertarian Party of Kansas ("LPKS") is an unincorporated association of individuals whose stated purpose is "to promote libertarian

ideals through political action." Dk. 20, Exh. A, p. 2.  Plaintiff Rob

Hodgkinson is the chairman of LPKS. Defendant Shawnee County is a

subdivision of the State of Kansas.  The Defendant Board of County

Commissioners of the County of Shawnee, Kansas ("the Board") is the

governing body of Shawnee County, Kansas, and defendant Don Burns is

an individual residing in Shawnee County, Kansas.

Non-parties Webb and Julie Garlinghouse are individuals who

own the subject property in Shawnee County.  They and the Lake Edun[2]

Foundation, Inc. (collectively the "Garlinghouse Parties") have historically

provided property in Shawnee County ("the Property") for the use of

nudists.

In a prior lawsuit, Shawnee County's Board of County

Commissioners filed suit against the Garlinghouse Parties[3] alleging that

they were engaging in commercial and recreational activity on the Property

without an appropriate permit, in violation of the Comprehensive Zoning

Regulations of Shawnee County, specifically § 48-3.02.

On July 11, 2005, the District Court of Shawnee County,

---

[2]This word, spelled in reverse, is "nude."

[3]Also named as a defendant was The Webb Garlinghouse and Julie
Garlinghouse Foundation, Inc.

Kansas issued a Memorandum Decision and Order restraining the

Garlinghouse Parties from "arranging, promoting, conducting, or otherwise

allowing commercial or recreational activities including the "Return to Edun

event …" on the Property. The Journal Entry relating to that order was filed

September 28, 2005, as a permanent injunction.  That decision was

affirmed by the Kansas Court of Appeals on November 16, 2006, in an

unpublished decision, *Board of County Com'rs of County of Shawnee v.

Lake Edun Foundation, Inc.*, 2006 WL 3353775 (Nov. 17, 2006).

Thereafter, those defendants, who are not parties to the present case,

petitioned for review of the Court of Appeals decision by the Kansas

Supreme Court .  Review was denied on March 28, 2007.[4]

On some unstated date after the injunction was in effect,

plaintiffs approached the Garlinghouse Parties to determine if they would

allow LPKS to have a political gathering and fundraiser on their property.

Such permission was apparently granted, as on June 7, 2006, Rob

Hodgkinson and other members of the LPKS went to the property in an

attempt to prepare for the LPKS political rally and fundraiser that was

---

[4]This court does not consider the state court case to be final yet,
given the other avenue of relief which remains available to those
defendants. *See* 28 U.S.C. § 1257.

scheduled for July 7-9, 2006. Plaintiffs allege that members of the

Shawnee County Sheriff's Department, at the request and insistence of

defendant Burns, blockaded their access to the property.[5]

Plaintiffs filed this §1983 suit on August 17, 2006, alleging

violations of plaintiffs' rights of due process, association, free speech, and

equal protection.  Plaintiffs contend that although the County relied on its

Zoning Regulations to obtain an injunction prohibiting the Garlinghouse

Parties from engaging in prohibited commercial or recreational activities on

the subject property, the County has interpreted and applied those zoning

regulations and the injunction issued in 2005 to preclude political

gatherings and speech on the property.[6]  Plaintiffs allege they expended

significant funds preparing for and promoting the political rally and

fundraiser.

In addition to seeking damages, fees and costs, plaintiffs ask

this court to:  1) declare that the Zoning Regulations are unconstitutionally

overbroad when applied to political gatherings, fundraisers, and speech; 2)

---

[5]Additional facts are alleged, but are not material to the court's
resolution of this motion.

[6]No claim is made that a zoning or non-conforming use permit was
denied in retaliation for plaintiff's exercise of First Amendment rights.

6

declare that the September 28, 2005, Journal Entry of the District Court of

Shawnee County is null and void when applied to preclude political

gatherings, fundraisers, and speech on the property; and 3) enjoin

Shawnee County and the Board of Commissioners from taking any action

to enforce the Zoning Regulations or the Journal Entry against LPKS.

**Standing of The Libertarian Party of Kansas**

Defendants first challenge the standing of LPKS, alleging that it

is an unincorporated association which lacks capacity to sue under 42

U.S.C. §1983.  That statute affords certain rights to "any citizen of the

United States or other person within the jurisdiction thereof..." LPKS admits

that it is an unincorporated association, but contends that it is nonetheless

a "person" as authorized by Kansas statutes and has both direct and

associational standing.

Only one who is a "person" as that term is used in Section 1983

can be a plaintiff in a Section 1983 case such as this. This issue has

recently been squarely decided by the Tenth Circuit, which held that

unincorporated associations are not "persons" as set forth in §1983.

*Lippoldt v. Cole,* 468 F.3d 1204, 1213 (10th Cir. 2006).  After extensive

analysis of the Dictionary Act of 1871, the common understanding

7

regarding unincorporated associations in 1871, and the legislative history
of Section 1 of the Civil Rights Act of 1871, the Tenth Circuit found no
congressional intent to include unincorporated associations within the
ambit of the term "person" in 42 U.S.C. § 1983.  Accordingly, it reversed
and remanded with direction to dismiss the claims of the plaintiff, an
unincorporated association, noting that the result was in keeping with
common law. *See United Mine Workers of Am. v. Coronado Coal Co.*, 259
U.S. 344, 385 (1922) ("Undoubtedly at common law an unincorporated
association of persons ... could only sue or be sued in the names of its
members, and their liability had to be enforced against each member.");
*see also Moffat Tunnel League v. United States*, 289 U.S. 113, 118 (1933)
("These [unincorporated association plaintiffs] are not corporations, quasi
corporations, or organized pursuant to, or recognized by, any law.  Neither
is a person in law, and, unless authorized by statute, they have no capacity
to sue.")

        The court declines LPKS's invitation to find to the contrary
based upon a Kansas statute[7] which defines "person" to include any

_____

        [7]Plaintiffs cite to K.S.A. §§ 45-2142, -2145, -4143(j), but no such
statutes exist.  Given the context of the cites, the court believes that
plaintiffs intend to refer to the state campaign finance act, K.S.A. § 25-
4142, *et seq.* which does define "person."

8

"association," K.S. A. § 25-4143(j), "as used in the campaign finance act." K.S. A. § 25-4143.  That a number of state statutes define "person" to include an association[8] for various purposes of certain state laws is immaterial.  The governing query here is limited to whether LPKS is a "person" within the meaning of that term in §1983, and the resounding answer in this Circuit since *Lippoldt* is "no."

LPKS additionally contends that it has direct standing under Article III based on its status as a state political party committee. *See Texas Democratic Party v. Benkiser*, 459 F.3d 582 (5th Cir. 2006) (finding Texas Democratic Party had both direct and associational standing to challenge Republican Party's declaration that its incumbent candidate for United States Congress was ineligible based upon residency).  Assuming, without deciding, that LPKS is a state political party committee under Kansas law, the court is not persuaded that this is sufficient to bring LPKS within the definition of a "person" in Section 1983. LPKS asserts associational standing as well, but because it is not a "person" entitled to bring a Section 1983 claim in this court, the court need not reach the issue

---

[8]*See e.g.*, K.S.A. § 2-2301(labeling of agricultural products); K.S.A. § 3-701(zoning regulations for aircraft and airfields); K.S.A. § 17-1602(4) (cooperative marketing)

9

whether it would be able to meet the requirements of associational

standing for claims other than those under Section 1983.

Accordingly, the court finds that LPKS lacks standing to bring

its claims under §1983, as well as under §1985[9] and  §1988.[10]  The

remaining issues posed by the motion to dismiss shall thus be analyzed

solely as they impact the individual plaintiff, Rob Hodgkinson, who was

recently added to the case as a party plaintiff and whose standing under

§1983 is unchallenged.

**Shawnee County as party**

Defendants have moved the court to dismiss Shawnee County

as a party defendant because it is immune, because it is a subordinate

governmental agency which lacks the capacity to sue or be sued in the

absence of a specific statute, and because the only statutory authorization

for suit against the county is for suit against the Board of Commissioners.

Plaintiff agrees that Shawnee County should be dismissed.  *See* Dk. 21, p.

_____

[9]In their response brief, plaintiffs concede that they have not made any claim for relief under §1985.  Whether plaintiff's will be permitted to do so at a later date is not presently at issue.

[10] This statute permits the court to allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs in certain civil rights cases, and thus is dependent upon the success of the underlying claim.

14.  Accordingly, Shawnee County shall be dismissed as a party to this

case pursuant to the agreement of the parties, and the Board of County

Commissioners of the County of Shawnee, Kansas shall remain a party.

**Anti-Injunction Act**

Defendants next contend that plaintiff's action is barred by the

Anti-Injunction Act which states:

> A court of the United States may not grant an injunction to stay
> proceedings in a State court except as expressly authorized by Act of
> Congress, or where necessary in aid of its jurisdiction, or to protect or
> effectuate its judgments.

28 U.S.C. § 2283.  *See Brooks v. Barbour Energy Corp.*,  804 F.2d 1144,

1146 (10th  Cir.1986).  In response, plaintiff correctly argues, as

defendants concede in their reply, that §1983 is an Act of Congress that

falls within the 'expressly authorized' exception to this Act. *See Mitchum v.*

*Foster ,* 407 U.S. 225, 242-243(1972).  Accordingly, the Anti-Injunction Act

does not bar this §1983 case.  *See Phelps v. Hamilton*, 59 F.3d 1058, 1064

n. 11 (10th Cir. 1995).

**Abstention**

Nonetheless, defendants cursorily urge the court to refuse to

exercise its jurisdiction out of concerns of comity.  This concern is valid

even in §1983 cases. *See Mitchum*, 407 U.S. at 243 ("In so concluding

11

[that 42 U.S.C. § 1983 falls within an exception to the anti-injunction statute], we do not question or qualify in any way the principles of equity, comity, and federalism that must restrain a federal court when asked to enjoin a state court proceeding.")  *Cf, Horton v. Clark*, 948 F.2d 1294,1991 WL 240115, *1 (10th Cir. 1991) (stating in dicta that even if an exception to the Anti-Injunction Act applied, the state foreclosure proceeding was "precisely the type of case where federal courts out of concerns of comity and the nature of our federal system properly refuse to exercise jurisdiction and intermeddle in the state court proceedings.")

Defendants do not articulate which abstention principle they believe the court should invoke in declining to exercise its jurisdiction.  The court declines to make defendant's arguments for them by examining each of the arguably applicable doctrines in detail, *see generally United States v. Tsosie*, 92 F.3d 1037, 1042 n. 6 (10th Cir. 1996) (listing general categories of abstention), but merely notes the following.

Federal courts should be wary of entering into local land use disputes and should not sit as a zoning board of appeal.  *Norton v. Village of Corrales*, 103 F.3d 928, 930 (10th Cir.1996).  *Younger*[11] abstention,

_____

[11]*Younger v. Harris*, 401 U.S. 37, 41 (1971) (holding that a federal district court's injunction of a pending state court criminal prosecution

although generally applicable in civil proceedings,[12] appears inappropriate

since the parties in federal and state court are different[13] and the plaintiff in

this case has not had and will not have an adequate opportunity to raise his

constitutional challenges in the state proceedings,[14] assuming such

proceedings are ongoing.[15] In the event the state court judgment were final,

the *Rooker-Feldman* doctrine may be applicable, as it precludes federal

court jurisdiction " 'over challenges to state-court decisions in particular

cases arising out of judicial proceedings even if those challenges allege

_____

violated "the national policy forbidding federal courts to stay or enjoin
pending state court proceedings except under special circumstances.")

[12]*See Middlesex County Ethics Committee v. Garden State Bar
Ass'n*, 457 U.S. 423, 431-32 (1982); *See also Pennzoil Co. v. Texaco, Inc.*,
481 U.S. 1, 11-12 (1987).

[13] *See Doran v. Salem Inn*, 422 U.S. 922, 929 (1975) (holding federal
and state plaintiffs should not be considered the same for *Younger*
purposes where they were unrelated in terms of ownership, control, and
management of the entity.)

[14]*See Middlesex County Ethics Committee*, 457 U.S. at 431-32
(requiring a federal district court to abstain under *Younger* if: (1) there is an
ongoing state judicial proceeding (2) which implicates important state
interests and (3) in which there is an adequate opportunity to raise
constitutional challenges.)

[15]The court assumes that theTenth Circuit would look to the date
plaintiff filed his original complaint in this court to determine whether
abstention is appropriate. *See Bettencourt v. Bd. of Registration in
Medicine of Massachusetts*, 904 F.2d 772, 777 (1st Cir.1990).

that the state court's action was unconstitutional,' " *Johnson v. Rodrigues (Orozco)*, 226 F.3d 1103, 1108 (10th Cir.2000) (quoting *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486,(1983)).  The Tenth Circuit has, however, held that doctrine is inapplicable where, as here, a party to the federal case was not a party to the state court proceeding. *Id*, at 1109.  For other reasons, the court does not believe that either the *Pullman*[16] or *Colorado River*[17] doctrine warrants abstention under the present facts.

Although abstention under *Burford v. Sun Oil Co.*, 319 U.S. 315 (1943) is often appropriate where federal claims under 42 U.S.C. § 1983 involve questions of local land use policy and thus present issues of "state law in federal law clothing," *see, e.g., Browning-Ferris v. Baltimore County*, 774 F.2d 77 (4th Cir.1985); *Caleb Stowe Assocs. v. County of Albemarle*, 724 F.2d 1079 (4th Cir.1984), such abstention may not be warranted where, as here, a county zoning ordinance arguably impairs plaintiffs' rights

---

[16] *Railroad Comm'n v. Pullman Co.*, 312 U.S. 496 (1941) (finding abstention warranted where federal constitutional issues might be mooted or presented in a different posture by a state court determination of state law).

[17] *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976) (finding abstention warranted based on considerations of judicial economy instead of comity.)

of free speech and expression.  *See People Tags, Inc. v. Jackson County Legislature,* 636 F. Supp.1345,1349 -1350 (W.D. Mo.1986); *Brown v. Pornography Com'n of Lower Southampton Tp.*, 620 F. Supp. 1199, 1207 -1208 (E.D. Pa.1985).

Mindful of the Supreme Court's admonition that the court's "'[a]bdication of the obligation to decide cases can be justified under [the abstention] doctrine only in the exceptional circumstances where the order to the parties to repair to the state court would clearly serve an important countervailing interest,' " *Colorado River*, 424 U.S. at 813 (quoting *Allegheny County v. Frank Mashuda Co.*, 360 U.S. 185, 188-89 (1959)), the court shall exercise jurisdiction in this matter over the individual plaintiff's § 1983 claim.

Unlike most 12(b)(6) motions, this motion has not asked the court to determine whether plaintiff has stated any viable federal constitutional claims.  *Compare Grace United Methodist Church v. City Of Cheyenne,* 451 F.3d 643, 658 -659 (10th Cir. 2006).  Because defendants' challenge to the §1983 claim is solely to LPKS's standing and to invite the court's abstention, no basis for dismissing the claims of the individual plaintiff under Fed. R. Civ. P.12(b)(6) has been shown.

IT IS THEREFORE ORDERED that defendant's motion to dismiss is granted to the extent that The Libertarian Party and Shawnee County shall be dismissed as parties to this case, and is denied in all other respects, in accordance with the terms of this memorandum.

Dated this 30th  day of May, 2007, Topeka, Kansas.

s/ Sam A. Crow
Sam A. Crow, U.S. District Senior Judge

16